UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CARMEN A. VARGAS,

                 Plaintiff,

          -vs.-

CATON AUTO CENTER, INC. and MOSHE SARFATI,

                 Defendants.
-------------------------------------------------------------------X

CV 17 - 3307

BLOCK, J.

Case No._____

REYES, M.J.

COMPLAINT

Plaintiff, CARMEN A. VARGAS, by and through his attorneys, GEROULAKIS LAW, P.C., complaining of the Defendants, hereby alleges as follows:

### THE PARTIES

1. The plaintiff CARMEN A. VARGAS (hereinafter "Plaintiff" or "Vargas") is an individual residing in Brooklyn, New York.

2. Upon information and belief, the defendant CATON AUTO CENTER INC., (hereinafter "Defendant" or "Caton Auto Center") was and is a domestic corporation existing by virtue of state law.

3. Upon information and belief, defendant Caton Auto Center's principal place of business was located at 3132 Fort Hamilton Parkway, Brooklyn, NY 11218.

4. Upon information and belief, the defendant MOSHE SAFARTI (hereinafter "Defendant" or "Moshe") is an individual who resides in Staten Island New York, and whose regular place of business is at Caton Auto Center.

5. Upon information and belief, and at all times relevant to this complaint, the defendant Moshe served as a principal, officer and/or manager of the defendant Caton Auto Center.

## *JURISDICTION AND VENUE*

6. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke Supplemental Jurisdiction with respect to the state law claims which form another basis for recovery upon a common nucleus of the same operative facts, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2.

7. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the defendants' resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

8. At all times relevant to this complaint, defendants were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

9. At all times relevant to this complaint, and in the course of his duties, plaintiff regularly handled products which had been moved in commerce.

10. At all times relevant to this complaint, the defendant Caton Auto Center as an auto garage and a mini-mart/restaurant.

11. On or about December 31, 2013 the plaintiff was hired by the defendants and he worked for them up to on or about March 31, 2017.

12. Plaintiff was hired by the defendants to perform a variety of duties in the convenience store/restaurant, including but not limited to stocking, receiving orders from vendors, cooking, preparing food and maintenance duties. He performed these duties throughout his employment

13. Throughout the course of his employment he worked Sunday to Friday from 6:30 am to 6:30 pm, with the exception of his last six (6) months of employment in which he worked the same hours but only five days per week having Tuesday and Saturday off. He did not have a designated meal break and generally ate while working on the job.

14. From the relevant period of 2011 until the last six months of his employment he was paid on a salary basis $550 in cash, during the last six months of his employment he was paid $530 in cash.
al work hours.

15. The plaintiff was not in charge of any other employees and his job entailed no independent discretion or judgment.

16. At all times relevant to this complaint, the Plaintiff performed his duties for the defendant Caton Auto Center at the direction and under the control of the individually named defendant.

17. At all times relevant to this complaint, with respect to the employees of Caton Auto Center, and more specifically the plaintiff herein, the individual defendant supervised employees, made decisions as to hiring and firing, as to wages and as to the terms and conditions of employment.

## FIRST CLAIM UNDER THE
## FEDERAL FAIR LABOR STANDARDS ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (MINIMUM WAGE)

18. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

19. In violation of 29 U.S.C. § 206 the Defendants have failed to pay Plaintiff the proper minimum wage as required by law.

20. The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

## SECOND CLAIM UNDER THE
## FEDERAL FAIR LABOR STANDARDS ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (OVERTIME)

21. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

22. In violation of 29 U.S.C. § 207 the Defendants have failed to pay Plaintiff overtime pay at premium rate of one and one half times their regular rate of pay.

23. The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

## THIRD CLAIM UNDER THE
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (MINIMUM WAGE/WAGE THEFT PREVENTION ACT)

24. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

25. The Defendants herein knowingly, willfully and in bad faith violated Article 6 of the NYLL §§ 190 *et. seq.* 650 *et. seq.* and its accompanying regulatory scheme, by failing to pay Plaintiff overtime pay at premium rate of at least one and one half times their regular rate of pay.

26. The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

27. The Defendants willfully violated Plaintiff's rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law §198 (1-a).

### FOURTH CLAIM UNDER THE NEW YORK STATE LABOR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (OVERTIME/WAGE THEFT PREVENTION ACT)

28. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

29. The Defendants herein knowingly, willfully and in bad faith violated Article 6 of the NYLL §§ 190 *et. seq.* 650 *et. seq.* and its accompanying regulatory scheme, by failing to pay Plaintiff overtime pay at premium rate of at least one and one half times their regular rate of pay.

30. The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

31. The Defendants willfully violated Plaintiff's rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law §198 (1-a)

### FIFTH CLAIM UNDER THE NEW YORK STATE LABOR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (SPREAD OF HOURS/ WAGE THEFT PREVENTION ACT)

32. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

33. The Defendants herein knowingly, willfully and in bad faith violated Article 6 of the NYLL §§ 190 *et. seq.* 650 *et. seq.* and its accompanying regulatory scheme, by failing to pay Plaintiff his spread-of-hours premium for each work day that exceeded 10 hours.

34. The Defendants' violation of the aforementioned was intentional, knowing, willful and in bad faith.

35. The Defendants willfully violated Plaintiff's rights by failing to provide proper notices and wage statements in violation of the New York Wage Theft Prevention Act, New York Labor Law §198 (1-a).

### *PRAYER*

*WHEREFORE*, Plaintiff prays for relief as follows:

A. That, pursuant to FLSA's statutory and regulatory scheme, this Court awards unpaid wages for minimum wage and overtime pay, and an additional equal amount in liquidated damages;

B. That, this Court declare that the Defendants' violation of FLSA's minimum wage and overtime provisions was knowing and willful;

C. That, pursuant to NYLL's statutory and regulatory scheme, this Court awards unpaid wages for minimum wage, overtime, and spread of hours pay;

D. That reasonable attorneys' fees and the costs of this action are awarded;

E. That pre-judgment interest and post-judgment interest are awarded; and

F. Any further relief as this Court may deem just, proper, and equitable.

Dated: New York, New York
June 1, 2017

Respectfully submitted,
GEROULAKIS LAW, P.C.

Andreas Geroulakis (AG9752)
Attorneys for Plaintiff
Seven Penn Plaza
370 7th Avenue, Suite 720
New York, New York 10001
(212) 323-6999